IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| MARCEGAGLIA USA, INC., | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Darlene Blakely ("Ms. Blakely") who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. Blakely was subjected to sexual harassment created by co-workers through sexually offensive and inappropriate comments, and the display of sexually explicit items in the work place, all of which created a sexually hostile and offensive work environment for her as a female.

Although Ms. Wilson objected to and complained to Defendant about the existence of the hostile work environment, no remedial action was taken to prevent or stop the conduct. As a result of the sexually based harassment and retaliation, Ms. Wilson has suffered mental and emotional distress damages.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant Marcegaglia USA, Inc. ("Defendant Employer"), a Pennsylvania corporation, has been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Darlene Blakely filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From June 2005 to the present, Defendant Employer has engaged in unlawful employment practices in its manufacturing facility in Homestead, Pennsylvania in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Darlene Blakely to a sexually hostile and offensive work environment based upon incidents which include, but are not limited to, the following:

(a) On or about June 11, 2005, Ms. Blakely was hired by Defendant Employer as an inspector in its production facility. Ms. Blakely was one of only two women who worked on the floor in the production facility, a nontraditional occupation for female workers. All other female employees worked in the office.

(b) Upon her hire, Ms. Blakely has been exposed to a sexually hostile work environment created by her male coworkers and by management staff. The hostile environment consisted of sexually explicit and offensive language used by male co-workers.

(c) Despite notice of the language, no manager took steps to stop it nor did any manager discipline any employee who used such language.

(d) The hostile environment was also created by the display of sexually explicit posters and pictures which were visible to any employee in the area, including Ms. Blakely and Defendant's managers.

(e) Defendant Employer took no remedial action to rid the work area of the offensive material.

(f) In September 2006, a male co-worker drew sexually explicit graffiti on Ms. Blakely's locker in the women's locker room. The co-worker also removed a rubber ring from her locker and told his male co-workers that she had a "cock ring" in her locker. The male co-

3

workers continually repeated this phrase to Ms. Blakely. She found this conduct very offensive and reported it to management.

(g) A few days later, Ms. Blakely discovered that someone had put a green gooey substance on the door handle of the womens' locker room. She again reported this offensive conduct to management. The male co-worker who drew the graffiti and put the goop on the door handle admitted his culpability, yet he was not disciplined.

(h) Despite Ms. Blakely's complaints, Defendant continues to condone and permit the display of sexually explicit and offensive material, including posters, pictures, and screen savers on the laptop computers used by Defendant's managers.

8. As a result of sexually hostile work environment, Ms. Blakely suffered, and continues to suffer, severe and extreme psychological and emotional damage.

9. The effect of the practices complained of in paragraphs 7 (a) through (h), above, has been to deprive Darlene Blakely, as a female employee, of a harassment free work environment, equal employment opportunities, and otherwise adversely affects her status as an employee because of her sex.

10. The acts complained of in paragraphs 7 (a) through (h), above, were intentional and malicious.

11. The unlawful employment practices complained of in paragraphs 7 (a) through (h), above, were done with reckless indifference to the federally protected rights of Darlene Blakely as a female employee.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for a harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Darlene Blakely by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Darlene Blakely by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (h), above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Darlene Blakely by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (h), above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Darlene Blakely punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (h), above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

_____
JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

_____
JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

_____
M. JEAN CLICKNER
TRIAL ATTORNEY
PA. I.D. No. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)

7